UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BENVINDO RODRIGUES, ANDRE PINTO,
MARCOS DASILVA, GIVANILDO SOUSA,
OLAVO PEREIRA-MARTINS, and DANIELSON
MARTINS-RODRIGUE, Individually and on
Behalf of All Similarly-Situated Employees,
    *Plaintiffs*,

v.                                                    C.A. NO. 19-cv-10409-DJC

WCP CONSTRUCTION, CORP.; RONDON
SIDING CORP.; EXCEL GROUP CORP;
NATIONAL LUMBER COMPANY; RELIABLE
TRUSS AND COMPONENTS, INC.; WEDER
PEREIRA; CRISTINA PEREIRA; WAGNER
SOUZA; JOEL DA COSTA; MANUEL PINA; and
STEVEN KAITZ,
    *Defendants.*

### [PROPOSED] ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF SETTLEMENT

**CASPER, U.S.D.J.**

Plaintiffs Benvindo Rodrigues, Andre Pinto, Marcos Dasilva, Givanildo Sousa, Olavo Pereira-Martins, and Danielson Martins-Rodrigue, individually and on behalf of all similarly-situated employees of Defendants, and Defendants WCP Construction, Corp., Excel Group Corp., National Lumber Company, Reliable Truss and Components, Inc., Weder Pereira, Cristina Pereira, Manuel Pina, and Steven Kaitz entered into a proposed settlement ("Settlement") in this wage and hour class action matter as of January 23, 2020, subject to the Court's approval. The parties submitted their Settlement Agreement and General Release ("Settlement Agreement") to the Court, which the Court granted on February 19, 2020. (Doc. No. 74 & 75.) Unless otherwise defined in this Order, the capitalized terms herein defined in the Settlement Agreement shall have the meanings ascribed to them in the Settlement Agreement.

1

The Class Members have been given notice of the terms of the Settlement Agreement and an opportunity to object to or opt out of the Settlement. The Court finds that the dissemination of the Notice: (i) was implemented in accordance with the Preliminary Approval Order (Doc. No. 75); (ii) constituted the best notice reasonably practicable under the circumstances; and (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the litigation, of the effect of the Settlement (including the releases provided for therein), of Class Counsel's motion for an award of attorneys' fees, costs and Service Incentive Awards, of their right to object to or opt out of the Settlement, the plan of allocation of the Settlement Fund, and of their right to appear at the Fairness Hearing. No Class Members objected to or opted out of the Settlement.

Having considered the proposed Settlement Agreement, the papers submitted by the parties in support of the final approval of the Settlement, and the arguments of counsel at the Fairness Hearing held on May 15, 2020, the Court hereby grants final approval of the Settlement and enters judgment accordingly.

IT IS HEREBY ORDERED AND ADJUDGED THAT:

(1) The Court has jurisdiction over the subject matter of the Civil Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties to the Settlement;

(2) The Court hereby finally certifies the Global Class and LY Class, as defined in the Settlement Agreement, for settlement purposes, pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(3) The Court hereby finds that the dissemination of the Notice constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules;

(4)     The Court hereby finds that Named Plaintiffs and Named Plaintiffs' Counsel, Chip Muller, Esq., and Nancy Sheinberg, Esq., have fairly and adequately represented the Settlement Class and have satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, and hereby affirms its determinations in the Preliminary Approval Order certifying Named Plaintiffs as Class Representatives for the Settlement Class and appointing Named Plaintiffs' Counsel as Class Counsel for the Settlement Class;

(5)     The Court hereby finds that the terms and provisions of the Settlement, as set forth in the Settlement Agreement, (i) have been entered into in good faith, (ii) are in the best interest of the Settlement Class, and (iii) are fair, reasonable and adequate and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules, and hereby grants final approval of the Settlement described in the Settlement Agreement and directs the consummation of its terms and provisions;

(6)     The Court hereby dismisses the action on the merits, with prejudice, in accordance with the terms in the Settlement Agreement;

(7)     The Court hereby orders the Settlement Administrator to distribute the Settlement Fund according to the Settlement Agreement;

(8)     The Court hereby reserves jurisdiction over the construction, interpretation, implementation and enforcement of the settlement and over the administration and distribution of settlement benefits; and

(9)     Having found that the Settlement is fair and reasonable, the Court, in the interest of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and thereby decrees that, upon entry, it be deemed a final judgment finally dismissing the action subject to its terms.

**IT IS SO ORDERED** this _15th_ day of _May_, 2020.

_Denise J. Casper_
Denise J. Casper
United States District Judge